IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> $12,000 U.S. CURRENCY SEIZED 5/12/20, ) <br> ) <br> $9,000 U.S. CURRENCY SEIZED 5/13/20, ) <br> ) <br> $9,000 U.S. CURRENCY SEIZED 5/19/20, ) <br> ) <br> $7,900 U.S. CURRENCY SEIZED 5/19/20, ) <br> ) <br> $8,000 U.S. CURRENCY SEIZED 5/19/20, ) <br> ) <br> Defendant property. ) | Civil Case No. 4:20-cv-_____ |

**COMPLAINT FOR FORFEITURE IN REM**

COMES NOW the plaintiff, United States of America, by and through its counsel, G. Zachary Terwilliger, United States Attorney for the Eastern District of Virginia and by Kevin Hudson, Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

**NATURE OF THE ACTION**

1. This is a civil forfeiture action in rem brought against the defendant property[1] involving violations of 18 U.S.C § 1341, all of which is subject to forfeiture pursuant to 18

---

[1] All defendants identified in the case caption will be collectively referred to in this Complaint as "defendant property."

1

U.S.C. § 981(a)(1)(C), which provides in pertinent part that "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of … any offense constituting 'specified unlawful activity' (as defined by 1956(c)(7) of this title), or a conspiracy to commit such offense" shall be subject to forfeiture to the United States. "Specified unlawful activity" as defined by 18 U.S.C. § 1956(c)(7) includes, at 18 U.S.C. § 1956(c)(7)(A), "any act or activity constituting an offense listed in section 1961(1) of this title," corresponding to 18 U.S.C. § 1961(1). Listed in 18 U.S.C. § 1961(1) is "the following provisions of title 18, United States Code:…section 1341 (relating to mail fraud)."

## THE DEFENDANTS IN REM

2. The defendant property was seized as follows:

   a. Defendant $12,000 seized May 12, 2020 in Hampton, Virginia;

   b. Defendant $9,000 seized May 13, 2020 in Hampton, Virginia;

   c. Defendant $9,000 seized May 19, 2020 in Virginia Beach, Virginia;

   d. Defendant $7,900 seized May 19, 2020 in Virginia Beach, Virginia;

   e. Defendant $8,000 seized May 19, 2020 in Virginia Beach, Virginia.

The defendant property is currently in the possession of the Hampton Police Department in the City of Hampton, Virginia.

## JURISDICTION AND VENUE

3. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district. Alternatively, venue is

proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1)(B) and 1395(b), as the defendant property was found in this district.

5. The defendant property is now and during the pendency of this action will be within the jurisdiction of this Court.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), because it constitutes proceeds traceable to violations of 18 U.S.C § 1341.

## FACTS

7. On May 12, 2020, the Hampton Police Department (HPD) was contacted by a United Parcel Service (UPS) driver concerning a package that was to be delivered to a vacant residence in Hampton, Virginia.

8. UPS examined the package and found it contained defendant $12,000, which was turned over to the HPD. Defendant $12,000 U.S. Currency was placed in HPD Property & Evidence (P&E). An investigation into the matter ensued.

9. On May 12, 2020, the Hampton Police Department received a fraud complaint from an individual, advising that her father, R.M., was a victim of a 'grandparent scam' wherein he was duped into sending $12,000, in $100 notes, as a cash bond for his grandson who he believed was being held at Hampton City Jail on charges of vehicular homicide. R.M. stated to HPD that he was initially contacted by the unknown suspect by phone at number (646) xxx-0706 on the afternoon of May 11, 2020. The caller identified himself as "Robert Hilts" and claimed to be working with an attorney named "Murray" regarding the arrest of R.M.'s grandson for vehicular homicide in Hampton, Virginia, where he was being held at the Hampton Jail and

3

required a $12,000.00 bond. In fact, R.M.'s grandson was not being held at the Hampton City Jail for vehicular homicide.

10. On May 13, 2020, the HPD was contacted again by the same UPS driver, who had received another package to be delivered to another vacant residence in the City of Hampton. That package was turned over to the HPD. HPD applied for a state search warrant to open and search the package, which application was approved by a Virginia state magistrate. Upon execution, HPD discovered that the package contained a shoe box wrapped in brown paper with excessive tape, a Macy's receipt, miscellaneous paper and plastic, two magazines addressed to victim K.T. in Santa Barbara, California, and a white envelope. That white envelope was found to contain $9,000 in U.S. currency, in $100 notes. Defendant $9,000 U.S. Currency was placed in HPD P&E.

11. An investigation was conducted into the sender and receiver of the package containing defendant $9,000 U.S. Currency. It was determined that that the intended receiver of the package did not exist and other information on the package proved to be false. The actual sender of the contents was not immediately apparent because the sender on the package was identified as C.P., owner of "The Errand Company." C.P. stated she received the package from an elderly woman, but did not obtain the woman's name or contact information. C.P. stated she was directed to ship the package to an address in Hampton, Virginia. Specifically, C.P. informed HPD that she was contacted by a "Johnathan Goff" at (250) xxx-2557 to pick up a package from an address in Santa Barbara, California, which was victim K.T.'s address, and ship the package via overnight UPS to a certain address in Hampton, Virginia.

12. Subsequent investigation revealed the package containing the $9,000 was sent by K.T. During an interview with K.T., she revealed she does not have caller ID on her phone, and

received a telephone call from someone representing themselves as her son, M.T., who sounded very upset. K.T. advised she was then contacted on her phone by an "Officer Miller" with Marin County Sheriff's Department advising her son, M.T., was in custody due to a traffic stop where his vehicle contained marijuana and that K.T. would need to send $9,000 to the lawyer to bail M.T. out of jail. K.T. was further instructed by the caller not to contact police or ask M.T. about the arrest. K.T. went to Wells Fargo and removed $9,000, unquestioned by the teller. K.T. then wrapped the funds in magazines as instructed by "Officer Miller." K.T. stated the courier, C.P., picked up the package and that she did not know where the package was to be sent, and that she paid C.P. with cash. In fact, M.T. had not been stopped by law enforcement and was not in custody.

13. On May 18, 2020, a UPS Loss Prevention Supervisor advised HPD that three additional packages were addressed to Hampton residences determined by the delivery driver to be vacant. Based on recent events, they did not make the deliveries and returned those packages to loss prevention. A UPS Loss Prevention Supervisor and another UPS employee examined the contents of the three packages, not at the direction of law enforcement. UPS subsequently advised HPD that each package contained various sums of cash.

14. On May 19, 2020, the three packages were examined by the United States Secret Service in the presence of a UPS Loss Prevention Supervisor at the UPS shipping facility located in Virginia Beach, Virginia. Pursuant to the examination of the packages, the victims and cash were identified as: $9,000 U.S. Currency from victim K.R.; $7,900 U.S. Currency from victim M.C.; and $8,000 U.S. Currency from victim P.G.. The packages were tagged and inventoried in the HPD P&E.

15. K.R was identified as the sender of the $9,000.00 package via the shipping label on the exterior of the package. The recipient of the subject package was addressed to A.H. at a vacant address in Hampton, Virginia. A.H. was identified as the grandson of K.R. Upon interview by investigators, K.R. apologized for not cooperating with the investigation sooner stating she feared for her grandson's safety and was under a significant amount of stress throughout the scam. K.R. stated she was contacted via telephone in May 2020 by unknown subjects using the name of "Kevin Miller" and phone numbers (250) xxx-2557, (408) xxx-7248, and (408) xxx-7121, who told her that her grandson, A.H., had been involved in an auto accident and requested K.R. send cash shipments to cover hospital expenses and legal fees. K.R. went on to relate the caller(s) demanded the cash be sent via UPS or FedEx and provided shipping instructions and addresses.

16. M.C. was identified as the sender of the package containing $7,900.00 after examining the contents of the subject package, which revealed a white envelope wrapped in several folded newspapers. The envelope contained $7,900.00 in U.S. currency in $100 and $50 denominations, as well as a withdrawal slip from Tri-Valley Bank. The withdrawal slip indicated that the funds were withdrawn from the Randolph Banking Center on May 14, 2020 with the description field indicating: M.C. M.C. was subsequently interviewed and stated she was initially contacted by an unknown subject by phone (587) xxx-5831 on the morning of May 14, 2020. M.C. stated there were two subjects with her on this phone call. The first unknown subject claimed to be her grandson, C.C., and further claimed to have been arrested as a result of a motor vehicle accident. The subject told M.C. he was charged by police for the accident and operating a cell phone, and that afterward his phone and wallet were seized. The subject

claimed his nose was broken in the accident and the medics on the ambulance stuffed his nose with gauze to treat the bleeding. The imposter grandson told M.C. that he contacted her because he is a newly licensed driver, was scared, and did not want his parents to find out. M.C. told investigators that another subject joined the call who identified himself as "Brian James," the attorney for C.C. This second subject, "Brian James," told M.C. she would need to send money to pay her grandson's bond and court fees. The subject package was addressed to C.C. and indicated the sender of the package was "Brian James." While M.C. produced the money requested and prepared it to be shipped, the subjects contacted the delivery service and gave the delivery service the specifics about where the currency was to be sent. The subjects paid the delivery service with a Discover Card in a transaction later reported as fraudulent.

17. The delivery service reported to investigators that the business received four phone calls on May 14, 2020 between the hours of 12:28 and 13:02. Three of the phone numbers had been blocked or unlisted, however the fourth number displayed as (587) xxx-5831. Investigation revealed that this phone number, (587) xxx-5831, is associated with the carrier Rogers Communications Inc. of Canada with no identified user account. The same carrier company was used to contact previous victim K.R., referenced above.

18. The package containing $8,000.00 of U.S. currency was traced to victim P.G. via the shipping label on the exterior of the package, which indicated it was sent by P.G. to a vacant residence in Hampton, Virginia. P.G. stated to law enforcement that he sent cash via UPS in the amount of $8,000.00 after being instructed to do so by unknown subjects representing themselves as attorneys for P.G.'s granddaughter, J.G. P.G. stated he sent the money after he withdrew it from his Bank of America joint account. P.G. stated the unknown subjects represented

themselves as "Robert Hammond" or "James Maloney," attorneys representing his adult granddaughter, J.G. P.G. stated he was concerned about the matter as his granddaughter had just recently lost her job and thought it possible that she was distraught and got into an accident. In fact, J.G. had not been in an accident.

19. Defendant $12,000 U.S. Currency seized May 12, 2020 is subject to forfeiture as proceeds of mail fraud under 18 U.S.C. § 981(a)(1)(C). Investigators' analysis revealed these funds were sent by an elderly victim, R.M., who was deceived into sending said funds.

20. Defendant $9,000 U.S. Currency seized May 13, 2020 is subject to forfeiture as proceeds of mail fraud under 18 U.S.C. § 981(a)(1)(C). Investigators' analysis revealed these funds were sent by an elderly victim, K.T., who was deceived into sending said funds.

21. Defendant $9,000 U.S. Currency seized May 19, 2020 is subject to forfeiture as proceeds of mail fraud under 18 U.S.C. § 981(a)(1)(C). Investigators' analysis revealed these funds were sent by an elderly victim, K.R., who was deceived into sending said funds.

22. Defendant $7,900 U.S. Currency seized May 19, 2020 is subject to forfeiture as proceeds of mail fraud under 18 U.S.C. § 981(a)(1)(C). Investigators' analysis revealed funds were sent by an elderly victim, M.C., who was deceived into sending said funds.

23. Defendant $8,000 U.S. Currency seized May 19, 2020 is subject to forfeiture as proceeds of mail fraud under 18 U.S.C. § 981(a)(1)(C). Investigators' analysis revealed these funds were sent by an elderly victim, P.G., who was deceived into sending said funds.

**PRAYER FOR RELIEF**

24. Based on the foregoing facts and circumstances, the defendant property is property which constitutes or is derived from proceeds traceable to violations of 18 U.S.C §

1341.

25. By virtue of these premises, the defendant property is, therefore, subject to forfeiture to the United States under 18 U.S.C. § 981(a)(1)(C).

WHEREFORE, plaintiff prays that due process issue to enforce the forfeiture and to give notice to all interested parties to appear and show cause why forfeiture should not be decreed, and that the defendant property be condemned as forfeited to the United States for disposition according to law.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: /s/ Kevin Hudson
Kevin Hudson
Assistant United States Attorney
Virginia State Bar No. 81420
Attorney for the United States
721 Lakefront Commons, Suite 300
Newport News, Virginia 23606
Office Number: (757) 591-4000
Facsimile Number: (757) 591-0866
Email Address: kevin.hudson@usdoj.gov

## VERIFICATION

I, Tanya O'Connell, Senior Special Agent, United States Secret Service (USSS), declare under penalty of perjury as provided by 28 United States Code § 1746, that the foregoing Complaint for Forfeiture in Rem is based on information known by me personally and/or furnished to me by various federal, state, and local law enforcement agencies, and that everything contained therein is true and correct to the best of my knowledge.

Executed at Norfolk, Virginia, this 11th of August 2020.

Tanya O'Connell
Senior Special Agent
USSS